**FEN XING CHEN, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.**

No. 07–0821–ag.

United States Court of Appeals,
Second Circuit.

Oct. 23, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

**62**

---

Oleh R. Tustaniwsky, Hualian Law Offices, New York, NY, for petitioner.

Peter D. Keisler, Assistant Attorney General; Terri J. Scadron, Assistant Director; Andrew Paul Kawel, Intern, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for respondent.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Fen Xing Chen, a native and citizen of the People's Republic of China, seeks review of a February 15, 2007 order of the BIA affirming the June 28, 2005 decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fen Xing Chen*, No. A95 673 370 (B.I.A. Feb. 15, 2007), *aff'g* No. A95 673 370 (Immig. Ct. N.Y. City June 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005);

*Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 305 (2d Cir.2007) (en banc).

■ As an initial matter, Chen is not eligible for either asylum or withholding of removal as the spouse of someone who was forced to have an abortion. We are bound by our recent *en banc* decision in *Shi Liang Lin*, 494 F.3d 296, which held that an individual, like Chen, whose spouse was allegedly forced to undergo an involuntary abortion does not automatically qualify for asylum as a refugee under § 601(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") (amending 8 U.S.C. § 1101(a)(42), Immigration and Nationality Act ("INA") § 101(a)(42)). Because Chen's application with regard to his family planning claim was based solely on his wife's forced abortion, and not on any "other resistance to a coercive population control program," 8 U.S.C. § 1101(a)(42)(B), Chen has not, as a matter of law, established past persecution under *Shi Liang Lin* and is thus not eligible for relief on that ground.

■ As to Chen's claims related to Falun Gong, we find that substantial evidence supports the agency's adverse credibility determination. Chen's omission from his airport interview and credible fear interview of the significant fact of his wife's alleged forced abortion provided a sufficient basis on which the agency could conclude that he was not credible.[2] *See Cheng Tong Wang v. Gonzales*, 449 F.3d 451, 453–54 (2d Cir.2006) (finding that the agency's adverse credibility determination

---

**2.** We find that in light of the IJ's assessment

of the reliability of Chen's initial interviews

was not based on flawed reasoning where the applicant failed to mention his wife's forced sterilization despite the fact that his claim for asylum was based on his failure to comply with China's family planning policy); *see also Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005) (upholding an IJ's adverse credibility finding where the IJ relied, in part, on the applicant's failure to mention his wife's forced abortion prior to his hearing). Additionally, the IJ reasonably found that Chen's purported fear of future persecution was not credible where he willingly returned to China after vacationing in Singapore despite the fact that during that time he was allegedly hiding from government officials who were seeking to arrest him for his support of Falun Gong. Moreover, we find that no reasonable fact finder would be compelled to accept Chen's explanations for the discrepancies in the record. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

Because the only evidence of a likelihood that Chen would be persecuted or tortured depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006) (noting that a withholding claim necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim); *cf. Ramsameachire*, 357 F.3d at 184–85 (holding that the agency may not deny a CAT claim solely on the basis of an adverse credibility finding made in the asylum context, where the CAT claim did not turn upon credibility).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that

and the evidence of reliability in the record, the IJ properly considered the interview reports and transcript in making his credibility

the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

determination. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–80 (2d Cir.2004).